UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDY I. CARTER, ) <br> ) <br>     Movant, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF JUSTICE, ) <br> ) <br>     Respondent. ) <br> _____) | Misc. No. 1:13-mc-01206 (RJL) <br><br> **FILED** <br> JAN 2 4 2014 <br> Clerk, U.S. District & Bankruptcy <br> Courts for the District of Columbia |

MEMORANDUM ORDER

(January 22, 2014) [Dkt. #1]

On October 25, 2014, movant Judy I. Carter ("movant" or "Carter") filed a miscellaneous action, seeking "an order quashing the subpoenas for her financial records[,]" pursuant to the Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq.* ("RFPA"). *See* Mot. to Quash Subpoena Duces Tecum [Dkt. #1]. Respondent, the United States Department of Justice ("respondent" or "DOJ"), provided an Opposition to this Court on January 8, 2014. *See* DOJ's Opp'n [Dkt. #3]. Having considered the parties pleadings, relevant law, and the entire record herein, the Motion to Quash is DENIED.

Carter is an Executive Officer at the United States Parole Commission ("USPC") where her responsibilities include certain personnel actions. The DOJ Office of the Inspector General ("OIG") issued the subpoenas Carter challenges in connection with an investigation into alleged misconduct in hiring practices. *See* DOJ Opp'n at 2. The

1

allegations include a charge that Carter hired her current son-in-law as a USPC employee, as well as a charge that she awarded a contract to a company owned by a friend. *Id.* As this Court recognized in a related case brought by Carter seeking to quash a similar subpoena, "such conduct could violate federal anti-nepotism laws, government ethics standards, and aspects of the civil service merit system." *See* Order Denying Motion to Quash Subpoena Duces Tecum at 2, *Carter v. U.S.*, No. 13-mc-66 (D.D.C. Aug. 26, 2013), ECF No. 5.

The OIG served the administrative subpoenas at issue on the Federal Credit Union of the Department of Justice and on the None Suffer Lack Federal Credit Union on or about October 16, 2013. *See* DOJ Opp'n at 2-3. Because the records sought by the subpoena are subject to the RFPA, the OIG notified Carter of her right to challenge the subpoena. *See id.* at 3. Carter filed her challenge on October 25, 2013, claiming that the subpoena is overbroad and does not comply with the RFPA. *See* Mot. to Quash. Unfortunately for the plaintiff, her objections are lacking in merit.

There are only three grounds that a district court may rely upon to quash a subpoena: "(1) the agency's inquiry is not a legitimate law enforcement inquiry; (2) the records requested are not relevant to the agency's inquiry; or (3) the agency has not substantially complied with the RFPA." *See Thomas v. U.S. Dep't of Homeland Sec.*, 876 F. Supp. 2d 1, 6 (D.D.C. 2012) (quotations and citation omitted).

Here, the documents sought are clearly within the scope of the OIG investigation and are relevant because they may show details about the nature of the financial relationship between Carter and her son-in-law before and after he became an employee

2

of USPC. In short, the alleged conduct could violate a host of federal laws, rules, and regulations. Moreover, the Federal Credit Union of the Department of Justice and the None Suffer Lack Federal Credit Union are able to provide all documents sought by the subpoena without undue burden, and the OIG has complied with the RFPA in all respects.

Thus, because "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry," this Court must deny Carter's motion. *See* 12 U.S.C. § 3410(c).

It is, therefore, this 22 day of January, 2014,

**ORDERED** that the Motion to Quash Subpoena Duces Tecum is **DENIED.**

**SO ORDERED.**

RICHARD J. LEON
United States District Judge